UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RUBISNEY LEYVA RODRIGUEZ,

Petitioner,

v. Case No. 3:26-cv-2137-MMH-LLL

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner Rubisney Leyva Rodriguez, an immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) on August 17, 2026. See generally Petition. Rodriguez, a citizen of Cuba, was paroled into the United States on October 17, 2023. Doc. 6-1 at 1, 3. On August 5, 2026, United States Immigration and Customs Enforcement (ICE) detained Rodriguez following his arrest by local law enforcement.[1] Id. at 3. The crux of Rodriguez's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

[1] While Rodriguez asserts that ICE detained him on August 4, 2026, Petition at 5, the records that the Federal Respondents attach to the Response show that Rodriguez's detention occurred on August 5, 2026, see generally Doc. 6-1.

Petition at 7. As relief, he seeks, inter alia, immediate release or, alternatively, a bond hearing. Id. at 8.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Rodriguez, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Rodriguez was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Rodriguez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[2]

---

[2] Because the Court finds that Rodriguez is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Within **seven days** of this Order, Respondents shall either afford Rodriguez an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Rodriguez, they shall facilitate his transportation from the detention facility.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of September, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Rubisney Leyva Rodriguez